UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LEO DUCHNOWSKI,

                       Plaintiff,

        -against-

ANTHONY LARUSSO, Sheriff of Nassau County Jail;
et al.,

                       Defendant.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
24-CV-3433 (JMA) (SIL)

FILED
CLERK
11:33 am, May 13, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

    Before the Court is an application to proceed in forma pauperis ("IFP") filed by Plaintiff Leo Duchnowski, acting pro se, together with his complaint brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1-2.) For the below reasons, the application to proceed IFP is denied without prejudice and with leave to renew upon filing, within fourteen (14) days, the AO 239 Long Form IFP application ("Long Form") attached to this Order. Alternatively, Plaintiff may remit the $405.00 filing fee.

    To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. See Davis v. NYC Dept. of Educ., 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. See DiGianni v. Pearson Educ., 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F. Supp. 304,

308 (S.D.N.Y. 1996)).  The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue."  28 U.S.C. § 1915(e)(2)(A).

Plaintiff's application raises more questions than it answers.  Although Plaintiff provides a residential address located in Glen Cove, New York (see Compl., ECF No. 1, ¶ I.A), he reports no expenses associated with his housing such as rent, mortgage payments, utilities, or taxes.  (See IFP App., ECF No. 2, ¶ 6.)  Rather, the only reported expenses are for transportation, food, and credit card debt.  (See id., ¶¶ 6, 8.)  Plaintiff reports having no income, cash, or savings.  (See ECF No. 2 ¶¶ 3-4.)

Given that Plaintiff reports living in a private residence and has omitted any regular monthly expenses associated therewith, it appears that he is supported, at least in part, by another.  Accordingly, the Court finds that Plaintiff can best provide his current financial situation on the Long Form.  See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (internal quotation marks omitted)).

Accordingly, the application to proceed IFP is denied without prejudice and with leave to renew on the Long Form.  See id. ("If it appears that an applicant's access to court has not been blocked by his financial condition; rather that he is merely in the position of having to weigh the financial constraints posed if he pursues his position against the merits of his case, then a court properly exercises its discretion to deny the application." (internal quotation marks and alterations omitted)); see also Piniero v. Comm'r of Soc. Sec., 2023 WL 8461690, at *2 (E.D.N.Y. Nov. 27, 2023) (denying IFP motion with leave to renew on the Long Form).  Plaintiff is directed to

complete and return the Long Form[1] or to remit the $405.00 filing fee within fourteen (14) days of the date of this Order. If Plaintiff does not timely comply with this Order, the Court may dismiss the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff at his address of record and to note such mailing on the docket.

**SO ORDERED**.

Dated:  May 13, 2024
         Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

---

[1] If Plaintiff is financially supported by someone other than a spouse, he shall report the financial information for any such individual(s) on the Long Form in the spaces marked "Spouse."