UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────────X
LEO DUCHNOWSKI,

                    Plaintiff,

        -against-

ANTHONY LARUSSO, DR. DONNA HENIG,
JAMES DZURENDA, LT. FREEZE, UNKNOWN
CORPORAL, UNKNOWN OFFICER, CO
MORALES, CO PIERERA, CORPORAL
KELLER, LT. KUNTE, CORPORAL MORAN,
CORPORAL HOJAN, and CORPORAL STEVEN,

                    Defendants.
─────────────────────────────────────────X

For Online Publication Only

**ORDER**
24-cv-03433-JMA-SIL

FILED
CLERK

3/25/2025 12:18 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

By way of Complaint dated May 7, 2024, Plaintiff brought this action against Anthony Larusso, Dr. Donna Henig, James Dzurenda, Lt. Freeze, Unknown Corporal, Unknown Officer, CO Morales, CO Pierera, Corporal Keller, Lt. Kunte, Corporal Moran, Corporal Hojan, and Corporal Steven ("Defendants") alleging violations of the Fourth, Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. (See Complaint, ECF No. 1.)

Magistrate Judge Locke held an initial conference on September 19, 2024 and mailed Plaintiff notice in advance, but Plaintiff did not attend. (See Minute Order dated Sept. 19, 2024, ECF No. 20.) The conference was rescheduled for October 28, 2024, and the parties attended. (See Minute Order dated Oct. 28, 2024, ECF No. 23.) Plaintiff then failed to attend three consecutive status conferences on January 6, 2025; January 27, 2025; and February 11, 2025. (See Minute Order dated Jan. 6, 2025, ECF No. 24; Minute Order dated Jan. 27, 2025, ECF No. 26; Minute Order dated Feb. 11, 2025, ECF No. 28.) Defendants and the Court mailed Plaintiff notice

1

in advance of these three conferences, (see ECF Nos. 21, 25, 27), and Plaintiff was warned before the February 11, 2025 conference that "repeated failures to appear may result in a recommendation to the District Judge to issue a Rule 41 Order." (See ECF No. 26.)

Before the Court today is a R&R from Judge Locke (ECF No. 30), which recommends that Plaintiff's claims be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and that such dismissal should become with prejudice if Plaintiff fails to appear within 60 days of a final order on this issue. No objections to the R&R have been filed; the time for doing so has expired. For the reasons stated below, the R&R is adopted in its entirety.

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (quoting Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted). Clear error will be found only when, upon review of the entire record, the Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quoting United States v. Garcia, 413 F.3d 201, 222 (2d Cir. 2005)).

The Court has carefully reviewed the record and the unopposed R&R for clear error and,

finding none, hereby adopts Judge Locke's well-reasoned R&R in its entirety as the opinion of the Court.

Accordingly, Plaintiff's claims are DISMISSED without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and such dismissal will become with prejudice if Plaintiff does not seek to appear within 60 days of a final order on this issue. The Clerk of Court is respectfully requested to close this case. Defense counsel must serve a copy of this R&R on Plaintiff and file proof of service.

**SO ORDERED.**

Dated: March 25, 2025
Central Islip, New York

                                                   /s/ JMA
                                             JOAN M. AZRACK
                                             UNITED STATES DISTRICT JUDGE